# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **RANDALL AUSBORN,** | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. _____ |
| **HOME DEPOT USA, INC.,** | § § § | |
| *Defendant*. | § § | |

## NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof states as follows:

### COMMENCEMENT, SERVICE, AND CONSENT

1. On September 13, 2021, Plaintiff Jessica Reyes ("Plaintiff") commenced this action by filing his Original Petition in the 284th Judicial District Court of Harris County, Texas. The case is styled Cause No. 21-09-12660, *Randall Ausborn v. Home Depot U.S.A., Inc.*, in the 284th Judicial District Court of Montgomery County, Texas.

2. Plaintiff served Home Depot on September 27, 2021. Home Depot filed its answer in state court on October 18, 2021.

3. This Notice of Removal is filed less than one year from commencement of this action and within thirty days after Home Depot's receipt through service and otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based and is thus timely under 28 U.S.C. § 1446(b).

## **GROUNDS FOR REMOVAL**

4. Home Depot is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this is a civil action involving an amount in controversy exceeding $75,000, exclusive of interest and costs, between parties with diverse citizenship.

### A. *Diversity of Citizenship*

5. There is complete diversity of citizenship between Plaintiff and Home Depot.

6. Plaintiff is a citizen of Oklahoma.[1]

7. Home Depot is a Delaware corporation with its principal place of business in Georgia.[2]

### B. *Amount in Controversy*

8. In assessing whether the amount in controversy jurisdictional requirement has been met, the Court should consider Plaintiff's pleadings, the notice of removal, and apply "common sense."[3] This is a personal injury case where Plaintiff claims he suffered severe injuries due to an alleged injury that occurred while Plaintiff was working in the normal course and scope of his duty at Home Depot. Plaintiff's Original Petition states that he seeks monetary relief of over $250,000.00 but not more than $1,000,000.00.[4] Plaintiff requests damages including, but not limited to, his past and future medical expenses, lost earning capacity, past and future mental anguish, disfigurement, exemplary damages, interest and costs.[5] Hence, an independent analysis of Plaintiff's Original Petition reveals that there is clearly more than $75,000 in controversy.[6]

---

[1] *Plaintiff's Original Petition* at ¶ 2.
[2] *See Story v. Home Depot, U.S.A., Inc.*, No. 4:05-CV-054-A, 2005 U.S. Dist. LEXIS 10306, at *1-2 (N.D. Tex. May 7, 2005) ("Home Depot [is] a Delaware corporation having its principal place of business in Georgia.").
[3] *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992).
[4] *Plaintiff's Original Petition* at ¶ 7.
[5] *Plaintiff's Original Petition* at ¶¶ 15-17.
[6] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412–13 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 ("In [Texas], a plaintiff, in a case for unliquidated damages, cannot, absent a further showing, avoid removal . . . where

## VENUE

8. Venue lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in a state court that is within this judicial district and division.

## NOTICE

9. Home Depot will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Home Depot will also file with the clerk of the state court and will serve upon Plaintiff's counsel a notice of the filing of this Notice of Removal.

## JURY DEMAND

10. Plaintiff did not request a jury in his Original Petition.

## EXHIBITS TO NOTICE OF REMOVAL

11. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice is an index of all matters being filed with this Notice, which includes the following documents:

    A. Plaintiff's Original Petition and Notice of Required Disclosure– **Exhibit A**

    B. Return of Service – **Exhibit B**

    C. Defendant Home Depot U.S.A., Inc.'s Original Answer and Affirmative Defenses – **Exhibit C**

    D. Docket Control Order- **Exhibit D**

    E. Docket Sheet – **Exhibit E**

    F. Counsel of Record – **Exhibit F**

---

defendants are able to show that it is facially apparent that the amount in controversy exceeds [$75,000]."); *see also e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).

## **PRAYER**

WHEREFORE, Defendant Home Depot U.S.A., Inc., pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 284th Judicial District Court of Montgomery County, Texas to this Court.

Respectfully submitted,

By: */s/ Jason R. Bernhardt*
Jason R. Bernhardt
State Bar No. 24045488
Southern Dist. No. 566787
jbernhardt@winstead.com
Katie M. Banks
State Bar No. 24092114
Southern Dist. No. 2516169
kbanks@winstead.com
**WINSTEAD PC**
600 Travis, Suite 5200
Houston, Texas 77002
(713) 650-8400
(713) 650-2400 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 22, 2021, a true and correct copy of the foregoing was electronically served on:

Kyle C. Herbert
Rachel E. Berkley
Daniel Cienfuegos
HERBERT LAW FIRM, PLLC
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
Phone: (713) 987-7100
Fax: (713) 987-7120
kyle@herberttrial.com
rachel@herberttrial.com
daniel@herberttrial.com
erica@herberttrial.com

**ATTORNEYS FOR PLAINTIFF**

                                        */s/Jason R. Bernhardt*
                                        Jason R. Bernhardt