# EXHIBIT A

Received and E-Filed for Record
9/13/2021 11:20 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Taycee Aragon

CAUSE NO. 21-09-12660 _____

| | | |
|---|---|---|
| **RANDALL AUSBORN,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | Montgomery County - 284th Judicial District Court |
| **HOME DEPOT USA, INC.,** | § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Randall Ausborn ("Plaintiff"), and files this Original Petition and Notice of Required Disclosure against Defendant, Home Depot, USA, Inc., and would respectfully show the following:

### DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, Randall Ausborn ("Plaintiff") is a resident of Oklahoma County, Oklahoma.

3. Defendant, Home Depot, USA, Inc. ("Defendant" or "Home Depot"), is a foreign, for-profit corporation conducting business in the State of Texas, and which may be served with process by and through its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### JURISDICTION & VENUE

4. This Court has subject-matter jurisdiction over this case, because the amount in controversy is within the jurisdictional limits of this Court.

5. This Court has personal jurisdiction over the Defendant, because conducts business in the State of Texas.

6. Venue is proper in Montgomery County, Texas pursuant to Article 15.002, et. seq., of the Texas Civil Practice & Remedies Code, because it is the county in which all or a substantial part of events or omissions giving rise to the claim occurred.

### RULE 47 STATEMENT

7. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

### FACTS

8. On or about November 20, 2019, Plaintiff was operating a panel saw which malfunctioned and electrocuted Plaintiff. This factual recitation is hereinafter referred to as the "Incident."

9. At the time of the Incident, Plaintiff was an employee of Home Depot, located at 1341 W. Davis Street, Conroe, Texas 77304.

10. As a result of the Incident, Plaintiff suffered severe injuries and damages.

11. Nothing Plaintiff did, or failed to do, caused the Incident. Rather, it was the negligence of Defendant which proximately caused the Incident and resulted in Plaintiff's injuries and damages.

### CAUSES OF ACTION

#### A. NEGLIGENCE

12. Defendant was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the Incident and the resulting injuries and damages to Plaintiff:

    a. Failing properly train, instruct, and supervise its employees;

    b. Failing to provide safe and properly functioning tools to employees; and

    c. Failing to implement safety protocols;

13. The negligence of Defendant was the proximate cause of the Incident and Plaintiff's injuries and damages.

## B. GROSS NEGLIGENCE

14. Defendant was grossly negligent, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendant's grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for Defendant's callous disregard for the safety of others and as a deterrent to others from engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

## DAMAGES

15. The actions and conduct of the Defendant set forth above are the proximate cause of Plaintiff's serious injuries and damages. Plaintiff's damages include, but are not limited to, actual damages, physical pain, mental anguish, disfigurement, physical impairment, limitation of activities, and loss of enjoyment of life. In reasonable probability, Plaintiff will continue to suffer physical pain, mental anguish, disfigurement, physical impairment, limitation of activities, loss of household services and loss of enjoyment of life in the future.

16. Further, because of the action and conduct of the Defendant herein, Plaintiff has sustained very painful and disabling physical injuries which have caused to sustain lost wages in the past and will cause to sustain lost wages and a loss of wage earning capacity in the future. Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## EXEMPLARY DAMAGES

17. Plaintiff seeks exemplary damages caused by Defendant's malice, gross negligence, and willful acts and/or omissions. Exemplary damages are sought under Section 41.003(a)(2) of the Texas Civil Practice and Remedies Code, as defined by Section 41.001(7). Plaintiff also seeks exemplary damages under Section 41.003(a)(3) of the Texas Civil Practice and Remedies Code as defined by Section 41.001(11).

## PRE-AND POST-JUDGMENT INTEREST

18. Plaintiff seeks to recover pre-and post-judgment interest in accordance with the law and equity as part of damages herein.

## NOTICE TO DEFENDANT

19. Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff intends to use all items produced by you in this litigation at any pre-trial proceeding or trial.

## RULE 609(F) REQUEST TO DEFENDANT

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any party or witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

## REQUIRED DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that, upon final trial hereof, Plaintiff has judgment against Defendant, and that he recovers damages in accordance with the evidence, including:

a. Actual damages;
b. Past pain and suffering;
c. Future pain and suffering;
d. Past mental anguish;
e. Future mental anguish;
f. Physical impairment;
g. Past physical disfigurement;
h. Future physical disfigurement;
i. Past medical expenses;
j. Future medical expenses;
k. Loss of wages in the past;
l. Loss of wage-earning capacity;
m. Loss of household services;
n. Loss of enjoyment of life;
o. Exemplary damages;
p. Prejudgment and post judgment interest;
q. Court costs; and
r. All other relief, legal and equitable, to which she may be justly entitled.

HERBERT LAW FIRM, PLLC

*/s/ Kyle C. Herbert*
Kyle C. Herbert
Texas State Bar No.: 24043724
Texas Bar No. 24086192
Rachel E. Berkley
Texas State Bar No. 24082684
Daniel Cienfuegos
Texas State Bar No. 24069509
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
Phone: (713) 987-7100
Fax:    (713) 987-7120
kyle@herberttrial.com
rachel@herberttrial.com
daniel@herberttrial.com
For service documents, please email: erica@herberttrial.com

**ATTORNEYS FOR PLAINTIFF**